**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0630-19T2

NDEYE SENE EP NDIAYE

    Plaintiff-Respondent,

v.

MOUHAMADOU A. NDIAYE,

    Defendant-Appellant.

_____

> Argued August 25, 2020 – Decided December 2, 2020
>
> Before Judges Geiger and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0303-19.
>
> Mouhamadou A. Ndiaye, appellant, argued the cause pro se.
>
> Ndeye Sene Ep Ndiaye, respondent, argued the cause pro se.

PER CURIAM

In this dissolution matter, defendant Mouhamadou Ndiaye appeals from a Family Part judge's August 30, 2019 order denying his motions for reconsideration and her September 16, 2019 entry of a final judgment of divorce (FJOD) by default. Defendant alleges an outstanding complaint for divorce in Senegal predated the instant action, depriving the New Jersey courts of jurisdiction, and necessitating reversal. In addition, he alleges that the entry of the FJOD was procedurally deficient because he did not receive the required notice under Rule 5:5-10. Having reviewed the record and applicable law, we affirm.

We discern the following facts from the record. The parties were married on July 30, 2010, in Senegal. In October 2011, the couple moved to New Jersey. One child was born during the marriage on September 28, 2012.[1] The parties lived together until defendant relocated to Massachusetts in 2016.[2] Defendant filed a complaint for divorce in Senegal in 2016, which was dismissed on or

---

[1] The child resides in Senegal with plaintiff's sister. She is not in the custody of either party and is outside the jurisdiction of this court. No issues of custody are involved in the underlying action.

[2] Plaintiff initially filed an application for spousal support in 2016, but withdrew it prior to disposition of the dissolution action.

A-0630-19T2

about June 14, 2017, for lack of jurisdiction. Plaintiff filed the instant complaint seeking dissolution of the marriage on July 26, 2018.

On October 29, 2018, plaintiff filed a motion for substituted service via certified mail pursuant to R. 5.5-4(b). On January 11, 2019, the judge denied the motion finding plaintiff had not made adequate diligent inquiry into defendant's address as required by R. 5:4-4(c)(1)-(2). On May 2, 2019, the judge granted plaintiff's motion to effect substituted service by publication. On May 17, 2019, plaintiff filed a request for entry of default supported by an affidavit of service by publication, and the judge set a default hearing for June 28, 2019.

On June 27, 2019, a day before the scheduled default hearing, defendant filed a motion to dismiss plaintiff's complaint claiming the court lacked jurisdiction due to the pending Senegalese action. Attached to defendant's motion was a summons from a Senegalese court that provided notice of a court date on June 3, 2019. It did not include a certification as to when the complaint for divorce was filed, it did not include a copy of the alleged complaint, and it did not include a certification authenticating the summons' translation. On June 28, 2019, the judge directed plaintiff to file a cross-motion or opposition to the motion to dismiss by July 8, 2019, and ordered defendant to reply by July 10, 2019.

A-0630-19T2

On July 5, 2019, plaintiff attempted to file her opposition at the Hudson County courthouse but was unable to do so due to a court closure.[3]  Plaintiff mailed her opposition to defendant and the court.  Defendant received plaintiff's opposition at 3:04 p.m. on July 11, 2019, while the court received it at 11:27 a.m. on July 10, 2019.[4]  On July 12, 2019, the court received a letter from plaintiff explaining she had attempted to file her opposition on July 5, 2019, but could not because the courthouse was closed, so she mailed her opposing papers.  Attached to plaintiff's opposition was an order issued by a Senegalese court dismissing the Senegalese complaint for lack of jurisdiction.[5]

Defendant replied on July 12, 2019, arguing the judge should consider his motion unopposed because plaintiff failed to timely file her opposition and because the opposition contained formatting deficiencies.  On July 18, 2019, the trial judge denied defendant's motion to dismiss the complaint, vacated default against defendant, and  directed defendant to file an answer by August 2, 2019.[6]

---

[3]  Plaintiff had mislabeled her opposition as a cross-motion.

[4]  Defendant and the court's receipt of plaintiff's opposition papers are confirmed by USPS and UPS tracking numbers.

[5]  The Senegalese order was not accompanied by a certification of translation.

[6]  The judge later extended the deadline to answer the complaint to August 9, 2019, at defendant's request.

By August 12, 2019, because defendant had not filed an answer, plaintiff renewed her request to enter default judgment. On August 30, 2019, the judge denied both of defendant's motions to reconsider, and on September 16, 2019, she issued a FJOD by default.

On appeal, defendant presents the following points for our review:

POINT I

THE TRIAL COURT ERRED BOTH BY ACCEPTING BOTH OF THE PLAINTIFF'S LATE FILINGS OVER OUR OBJECTIONS AND BY NOT NOTIFYING THE DEFENDANT (OR COUNSEL) AFTER NUMEROUS WRITTEN OBJECTIONS SENT TO THE COURT

POINT II

THE TRIAL COURT ERRED BY DENYING THE DEFENDANT HIS DUE PROCESS AND THE RIGHT TO OPPOSE THE PLAINTIFF'S FILINGS

POINT III

THE TRIAL COURT ERRED BY FORCING DEFENDANT TO FILE AN ANSWER AND SUBMIT TO THE TRIAL COURT'S JURISDICTION ABSENT AN OPPORTUNITY TO BE HEARD ON THE MERITS OF HIS MOTION

POINT IV

THE TRIAL COURT ERRED BY DENYING DEFENDANT['S] MOTIONS TO DISMISS

POINT V

THE TRIAL COURT ERRED BY ENTERING A
FINAL JUDGMENT OF DIVORCE WITHOUT
NOTICE TO THE DEFENDANT (OR COUNSEL)

We find defendant's arguments to be without merit and affirm, substantially for the reasons set forth by the trial court on the record on August 30, 2019, adding only the following brief remarks.

On review of Family Part cases, we accord deference to the judge's fact-finding because of "the family courts' special jurisdiction and expertise in family matters[.]" Cesare v. Cesare, 154 N.J. 394, 413 (1998). Such findings "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12. We will reverse only if those findings "are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we afford no deference to the judge's interpretation of the law. D.W. v. R.W., 212 N.J. 232, 245 (2012).

Contrary to defendant's argument, there is simply no question that the Family Part had jurisdiction over this dissolution matter concerning two individuals who resided in New Jersey for the better part of the marriage, and

where plaintiff continues to reside. N.J.S.A. 2A:34-8. We reject, as did the trial judge, defendant's assertion that the Senegalese action, which was dismissed for lack of jurisdiction, defeated jurisdiction in this State. See Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 386-87 (2008). In that regard, defendant presented no evidence sufficient to establish the jurisdiction of Senegalese courts over the dissolution of the parties' marriage. The Senegalese summons defendant relies upon was translated but was not authenticated by a certification of translation; it did not include information necessary to prove the Senegalese complaint preceded this one; nor did it establish substantial similarity with the present litigation.

We also reject defendant's argument that he was not afforded due process because it was error to accept plaintiff's late filed opposition. Rule 1:1-2 provides in relevant part: "Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes . . . ". Rule 1:6-3 prescribes a time frame for filing and serving motion papers. All periods prescribed by the rule, however, are subject to relaxation on court order when failure to doing so would deprive a litigant of procedural due process. See Rubin v. Rubin, 188 N.J. Super.

7

155, 158-59 (App. Div. 1982). See also Tyler v. New Jersey Auto. Full Ins. Underwriting Ass'n, 228 N.J. Super. 463, 468 (App. Div. 1988) ("It is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition papers are late but are in the court's hands before the return day for a motion . . .."). In light of plaintiff's good-faith efforts to comply with filing deadlines throughout this case's protracted motion practice, and for the reasons set forth during the August 30, 2019 hearing, we are satisfied the trial judge's decision to accept plaintiff's late filed opposition was not an abuse of discretion. See Tyler, 228 N.J. Super. at 468.

Finally, we reject defendant's argument that notice was required before the final judgment of divorce was entered. Rule 5:5-10 provides, in relevant part:

> In those cases where equitable distribution, alimony, child support and other relief are sought and a default has been entered, the plaintiff shall file and serve on the defaulting party, in accordance with R. 1:5-2, a Notice of Proposed Final Judgment ("Notice"), not less than 20 days prior to the hearing date.

The purpose of the notice provisions embodied in Rule 5:5-10 is to avoid problems "proving the identity and value of distributable assets or in the court's power to enter a judgment of distribution" because "the complaint . . . typically allege[s] only that assets were acquired during the marriage and should be

equitably distributed without any specification of the assets or their value." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 5:5-10 (2021). "[W]here no equitable distribution is sought, there is clearly no problem either in proving the identity and value of distributable assets or in the court's power to enter a judgment of distribution."  Id.

Here, the only relief plaintiff requested of the court was a final judgment of divorce.  She did not seek equitable distribution of marital assets, alimony, child support, or a parenting time arrangement.  Therefore, defendant was not entitled to notice under Rule 5:5-10.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0630-19T2